UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EMERGENCY HELICOPTER
AIR AMBULANCE RATE LITIGATION                                          MDL No. 2760


ORDER DENYING TRANSFER


**Before the Panel:**[*] Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC (collectively, AMC) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Colorado. This litigation consists of four actions—pending in the Northern District of Alabama, the District of Colorado, the Western District of Oklahoma, and the District of South Carolina—as listed on Schedule A. Plaintiffs in these four actions support centralization in the District of Colorado. Plaintiffs in the Western District of Oklahoma action alternatively suggest the Western District of Oklahoma and the District of South Carolina as potential transferee districts. The Oklahoma plaintiffs also suggest that, if the Panel centralizes this litigation, we exclude their claims against two non-AMC defendants—Air Evac EMS Inc. and EagleMed, LLC—from the MDL.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Defendants have not met that burden here.

There is no dispute that these actions share some common factual questions arising from allegations that AMC, one of the largest providers of helicopter air ambulance services in the country, overcharged patients for these services. These common factual issues, though—such as determining what is a reasonable price for helicopter air ambulance services—are not particularly complex. Additionally, each complaint asserts claims under different state laws. Even the sole putative nationwide class action in the District of Colorado asserts claims under Colorado and/or Pennsylvania law that are not asserted in the other actions. These differing state-law claims are neither complex nor numerous.

Furthermore, there are only four actions pending in this litigation. At oral argument, counsel for plaintiffs stated that they would not oppose transfer to the District of Colorado through a Section

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

-2-

1404 motion.[1]  In these circumstances, alternatives to centralization such as Section 1404 transfer, or informal cooperation among the relatively few involved attorneys and coordination among the involved courts, are eminently feasible and will be sufficient to minimize any potential for duplicative discovery or inconsistent pretrial rulings.  *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[1] Counsel for AMC agreed generally to transfer through Section 1404, but argued that defendants anticipate that additional class actions will be filed in other states.  The "mere possibility" of additional actions, though, does not support centralization of this litigation.  *In re California Wine Inorganic Arsenic Levels Prods. Liab. Litig.*, 109 F. Supp. 3d 1362, 1363 (J.P.M.L. 2015).

**IN RE: EMERGENCY HELICOPTER**
**AIR AMBULANCE RATE LITIGATION**                                   MDL No. 2760

## SCHEDULE A

<u>Northern District of Alabama</u>

STEPHENS v. AIR METHODS CORPORATION, ET AL., C.A. No. 2:16-01659

<u>District of Colorado</u>

SCARLETT v. AIR METHODS CORPORATION, ET AL., C.A. No. 1:16-02723

<u>Western District of Oklahoma</u>

BARTLEY, ET AL. v. AIR EVAC EMS, INC., ET AL., C.A. No. 5:16-00843

<u>District of South Carolina</u>

ADAMS v. AIR METHODS CORPORATION, ET AL., C.A. No. 3:15-01683